Vern R. GRABBE, Petitioner,

v.

CARROLL COUNTY ASSESSOR,
Neda K. Duff, Respondent.

No. 49T10–1206–TA–35.

Tax Court of Indiana.

Dec. 31, 2013.

Vern R. Grabbe, Lee, IL, Petitioner Appearing Pro Se.

Beth H. Henkel, Law Office of Beth Henkel, LLC, Indianapolis, IN, Attorney for Respondent.

WENTWORTH, J.

This case concerns whether the Indiana Board of Tax Review erred in applying Vern R. Grabbe's 2009 agricultural property assessment to the 2010 tax year. The Court finds it did not.

### FACTS AND PROCEDURAL HISTORY

Vern Grabbe owns two contiguous parcels of agricultural land in Carroll County ("the subject property"). One parcel consists of 3.664 acres and contains one hog building ("the 020 parcel"); the other parcel consists of 19.266 acres and contains two hog buildings and a utility shed ("the 015 parcel"). For the 2010 tax year, the

subject property was assessed at $306,900 ($31,500 for land and $275,400 for improvements), an 11% increase over the previous year's assessment of $274,500 ($30,900 for land and $243,600 for improvements).

Grabbe subsequently challenged the assessed values assigned to his hog buildings, first with the Carroll County Property Tax Assessment Board of Appeals and then with the Indiana Board. On February 14, 2012, the Indiana Board held a hearing during which Grabbe presented, among other things, four self-prepared analyses as evidence to demonstrate that the assessed value of the subject property should only be $218,862. In response, the Assessor conceded that the valuations of the hog buildings on the 015 parcel were incorrect, but argued that the original assessment should nonetheless be upheld.[1] On May 10, 2012, the Indiana Board issued a final determination, valuing Grabbe's property the same as its 2009 assessed value of $274,500.

On June 18, 2012, Grabbe filed this original tax appeal. The Court heard oral argument on March 8, 2013. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

■ The party seeking to overturn an Indiana Board final determination bears the burden to demonstrate that it is invalid. *Hubler Realty Co. v. Hendricks Cnty. Assessor*, 938 N.E.2d 311, 313 (Ind. Tax Ct.2010). Consequently, Grabbe must demonstrate to the Court that the Indiana Board's final determination is arbitrary, capricious, an abuse of discretion, unsupported by substantial or reliable evidence, or otherwise not in accordance with law. *See* IND.CODE § 33–26–6–6(e)(1), (5) (2013).

## ANALYSIS

The Indiana Board's final determination, as a preliminary matter, found that the Assessor bore the burden of showing that the 2010 assessment of the subject property was correct under the 5% burden-shifting rule contained in Indiana Code § 6–1.1–15–17.2. Neither party presents any real dispute as to this determination on appeal.[2]

Grabbe, however, appeals two issues that the Court restates as: (1) whether the Indiana Board's determination that Grabbe's evidence failed to make a *prima facie* case that his assessment should be reduced to $218,862 for the 2010 tax year is supported by substantial and reliable evidence or is contrary to law, and (2) whether the Indiana Board's determination that Grabbe's 2010 assessment must be reduced to its 2009 assessed value is contrary to law.

### (1)

■ Grabbe first contends that the Indiana Board's determination that he failed to make a *prima facie* case because his evidence consisting of four analyses—an allocation approach, a cost approach, an income approach, and a market data approach—lacked probative value is incor-

---

1. During the Indiana Board hearing, one of Grabbe's witnesses testified that the hog buildings on the 015 parcel were partially slatted and contained "V-shaped" pits that were, at most, 3 to 3 ½ feet deep. (*See* Cert. Admin. R. at 187–97.) Based on that testimony, the Assessor conceded that she erred in valuing the buildings as if they had full slats and 8-foot deep pits. (*See* Cert. Admin. R. at 290–92.)

2. The Assessor did claim that the Indiana Board erred in retroactively applying Indiana Code § 6–1.1–15–17.2. (*See* Oral Arg. Tr. at 48–49, 57.) Nonetheless, this argument is meaningless after the Court's decision in *Orange County Assessor v. Stout*, 996 N.E.2d 871, 873–75 (Ind. Tax Ct.2013).

rect. (*See* Pet'r Br. at 4–6.) As a result, Grabbe requests that the Court reduce his assessment to $218,862 for the 2010 tax year.

This Court has previously explained that when a taxpayer challenges the validity of his assessment he must make a *prima facie* case by presenting probative evidence regarding the alleged assessment error. *See Long v. Wayne Twp. Assessor,* 821 N.E.2d 466, 468 (Ind. Tax Ct.2005), *review denied.* Moreover, the Court has explained that evidence is probative if it is "sufficient to establish a given fact that, if not contradicted, will remain sufficient." *Meadowbrook N. Apts. v. Conner,* 854 N.E.2d 950, 953 (Ind. Tax Ct.2005) (citation omitted). Slightly over two years ago, Grabbe initiated an original tax appeal challenging the subject property's 2009 assessment. *See Grabbe v. Carroll Cnty. Assessor (Grabbe I),* No. 49T10–1108–TA–51, slip op. at 2, 1 N.E.3d 226, 227, 2013 WL 6858577 (Ind. Tax Ct. Dec. 31, 2013). In that case, Grabbe presented the same four analyses as here—an allocation approach, a cost approach, an income approach, and a market data approach—to show that his 2009 assessment was incorrect. *See id.* at 228–32. The Court affirmed the Indiana Board's finding in the prior appeal that each of Grabbe's analyses lacked probative value because he failed to show that his analyses comported with generally accepted appraisal principles. *See id.* at 227–33.

The certified administrative record in this case reveals that Grabbe used the same four analyses to estimate the value of the subject property for the 2010 tax year. (*Compare* Cert. Admin. R. at 109–12, 117–18, 126, 148–55, 158–67, 212–38, 260–76 *and* Revised Cert. Admin. R. at 310–13, 317–22 (all regarding Grabbe's 2010 analyses)) *with Grabbe I,* No. 49T10–1108–TA–51, slip op., at 4–12, 1 N.E.3d at 228–33

(describing Grabbe's 2009 analyses). In addition, the administrative record in this case reveals that once again Grabbe did not present evidence to demonstrate that his use of these analyses comported with generally accepted appraisal principles. Consequently, the Court finds that the Indiana Board's determination that Grabbe failed to make a *prima facie* case because his evidence lacked probative value is supported by substantial and reliable evidence and is not contrary to law.

### (2)

■ Grabbe also maintains that the Indiana Board's determination that the 2010 assessment of his property should be the same as the 2009 assessment of his property is contrary to law. Grabbe claims that once the Assessor failed to meet its burden to show that his 2010 assessment was correct under the 5% burden-shifting rule, the Indiana Board should have adopted his uncontradicted valuation of the subject property rather than use the prior year's assessed value. (*See* Oral Arg. Tr. at 10; Pet'r Reply Br. at 2, 6–8; Pet'r Br. at 2.) Grabbe reasons that the General Assembly enacted the 5% burden-shifting rule in order to put taxpayers and assessors "on a bit more level playing field." (Pet'r Reply Br. at 6.) Moreover, Grabbe maintains that the 5% burden-shifting rule does not require that a prior assessment be the default value when an assessing official fails to meet his burden. (*See* Pet'r Reply Br. at 2, 6–8.)

Here, the Indiana Board first determined that the Assessor failed to establish that the 11% increase to Grabbe's 2009 assessment for the 2010 tax year was correct. (*See* Cert. Admin. R. at 63–64.) The Indiana Board also determined that Grabbe's evidence that his property should be assessed for less than its 2009 assessed value lacked probative value, and therefore, the Indiana Board had no reason to

conclude that Grabbe's valuation of the subject property was indicative of its 2010 market value-in-use.[3] (*See* Cert. Admin. R. at 64–70.) Accordingly, the Indiana Board applied the subject property's 2009 assessment, which the Court finds was reasonable given that neither of the parties presented probative evidence as to the subject property's market value-in-use for the 2010 tax year. Consequently, the Court finds that the Indiana Board's determination that Grabbe's 2010 assessment must be reduced to its 2009 assessed value is not contrary to law.[4]

**3.** In 2010, Indiana's real property assessments were to reflect a property's market value-in-use (*i.e.*, the value of a property "for its current use, as reflected by the utility received by the owner or a similar user, from the property"). *See* 2002 REAL PROPERTY ASSESSMENT MANUAL (2004 Reprint) (incorporated by reference at 50 IND. ADMIN. CODE 2.3–1–2 (2002 Supp.)) at 2.

**4.** Grabbe also claims that the Indiana Board's reinstatement of his 2009 assessment for the

**CONCLUSION**

For the above-stated reasons, the Indiana Board correctly applied Grabbe's 2009 agricultural property assessment to the 2010 tax year. Accordingly, the Indiana Board's final determination is AFFIRMED.

2010 tax year effectively required him to show that the 2009 assessment was wrong. (*See* Oral Arg. Tr. at 27–29; Pet'r Reply Br. at 7–8.) Grabbe is mistaken because the 2009 tax year was not at issue, and therefore, he was not required to demonstrate that the subject property's 2009 assessment was incorrect.